IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BARRETT BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-CV-848 |
| | ) | |
| ADAM J. WILHELM Individually doing business as AJW LANDSCAPING, and AJW LANDSCAPING, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Senior District Judge.

In his complaint, the plaintiff Barrett R. Brewer alleges the defendants defamed him and inflicted emotional distress. He has filed a renewed motion for preliminary injunction because the harassment and defamation are ongoing. Because Mr. Brewer has shown a likelihood of success on the merits and irreparable harm and the equities and public interest support an injunction, the motion will be granted to the extent it seeks to prohibit defendant Adam Wilhelm from engaging in his ongoing malicious and slanderous campaign against Mr. Brewer.

## I. Procedural Background

Mr. Brewer filed a verified complaint on August 19, 2026, asserting claims for defamation per se and intentional and negligent infliction of emotional distress. He seeks damages, injunctive relief, and a declaratory judgment. Mr. Brewer proved personal service on defendant Adam J. Wilhelm on September 10, 2026, Mr. Wilhelm failed to

answer or otherwise respond to the complaint, and the Clerk entered default against Mr. Wilhelm, "individually and d/b/a AJW Landscaping," on October 9, 2026. Doc. 14 at 2. The Court has granted Mr. Brewer leave to conduct expedited discovery, Text Order 10/19/2026, issued an order of prejudgment attachment, Docs. 37, 40, and issued other orders. *See, e.g.*, Text Order 10/26/2026, Docs. 29–31.

Mr. Brewer's first motion for preliminary injunction was denied. Docs. 29, 30. As is relevant here, the Court found that no preliminary injunction prohibiting defendants from ongoing harassment and defamation was appropriate because there was no evidence such conduct had continued after service of the complaint. Doc. 30.

Mr. Brewer now renews his motion for a preliminary injunction. Doc. 33. He has provided additional evidence demonstrating that Mr. Wilhelm is continuing to make false and malicious statements about him. Docs. 34-1 – 34-5. On October 29, 2026, the Court set the renewed motion for a hearing on November 5, 2026, and the Clerk sent notice of the hearing to the defendants at the address where Mr. Wilhelm accepted service of the complaint. Doc. 38. Mr. Brewer appeared in person for the November 5, 2026, hearing, and the defendants did not appear. The Court held open the motion to allow Mr. Brewer to file supplemental evidence and briefing. Mr. Brewer has filed a supplemental declaration and brief in support. Docs. 42–43.

## II. Findings of Fact

For purposes of this order and as required by Federal Rules of Civil Procedure 65(d), the Court finds the following facts.

Mr. Brewer is a self-employed attorney in Mount Pleasant, South Carolina. Doc. 1 at ¶ 5. Mr. Wilhelm resides in Laurinburg, North Carolina, where he operates a landscaping business under the name of AJW Landscaping out of his residence at 12700 Barnes Bridge Road, Laurinburg, North Carolina (the "Property"). *Id.* at ¶ 7. Amanda Davis, a former employee of Mr. Brewer's law firm, was in a relationship with Mr. Wilhelm between 2023 and early 2025. *Id.* at ¶¶ 12–13; *see* Doc. 18 ¶¶ 3–4.

Over more than 18 months, Mr. Wilhelm has sent hundreds of communications to Mr. Brewer, Ms. Davis, their respective family members, and others, falsely accusing Mr. Brewer of adultery with Ms. Davis and of serious crimes including breaking into the Property and crimes involving prostitution or minor children. Doc. 1 at ¶¶ 14–26, 28, 31–32, 35–36, 38–41. These communications include emails to employees of Mr. Brewer's law firm, using work email addresses. *See, e.g.*, Doc. 28 at 2, 5, 15. The statements are false and defamatory. *See, e.g.* Doc. 1 at ¶¶ 14, 16–21, 43–45.

Such communications have continued despite Mr. Brewer's cease and desist demands, a warning and arrest warrant from the Mount Pleasant police, and the commencement of the present action. *Id.* at ¶¶ 23, 27–41; *see* Doc. 18 at ¶¶ 19–20, 24–25; *see, e.g.*, Doc. 26 at 64, 68–71; Doc. 27 at 18, 37–62. Mr. Wilhelm repeatedly has stated that he will reach Mr. Brewer's wife in person or through an intermediary. Doc. 42 ¶¶ 17–18. Mr. Wilhelm has also used the slanderous publications to attempt to coerce Mr. Brewer to pay him money he claims Ms. Davis owes him. Doc. 1 ¶¶ 35–36; Doc. 27 at 27, 35, 44; Doc. 28 at 13. In publishing these statements, Mr. Wilhelm has acted maliciously and without justification.

Since service of the complaint, Mr. Wilhelm has continued to make and to threaten to make defamatory statements. On October 16, 2026, he emailed Ms. Davis, including at her former address with Mr. Brewer's law firm and her address with her current employer, stating he was going to "contact Jess," Mr. Brewer's wife, "and make her aware of what's going on." Doc. 34-1 at 2; *see* Doc. 18 at ¶ 2. He stated he was "headed to drop this off downtown," and that he was going to "hand over the video recordings." Doc. 34-1 at 2. He also again falsely accused Mr. Brewer and Ms. Davis of sexual misconduct, including involvement of Ms. Davis's children, consistent with his previous defamatory statements as set out in the complaint. *Id.* at 2–3. He sent a second email to Ms. Davis stating "Jess is going to be handed a folder," with a "formal letter explaining the footage, the players and what's about to take place," and stating "I've got enough . . . to put you away for 20." Doc. 34-2 at 2.

Mr. Brewer lives with his wife and daughters in a home on a waterway in Mount Pleasant, South Carolina, approximately 15 minutes from his law office. Doc. 42 at ¶¶ 3, 8. His wife is the law firm's office manager and works there most weekdays when she is not working from their home office. *Id.* at ¶ 4. Mr. Brewer has never met Mr. Wilhelm or told him where he lives. *Id.* at ¶ 5. Mr. Wilhelm has no business reason to go to Mr. Brewer's home or office.

Mr. Brewer was told by an employee that Mr. Wilhelm came to the firm's office in person some time before August 2024. *Id.* at ¶ 7. Mr. Wilhelm has asserted in emails that he is in Charleston often, *id.* at ¶ 8, and that he intends to bring a "folder" to Mr. Brewer's

wife. *Id.* at ¶ 18. There is evidence he is familiar with Mr. Brewer's home. *Id.* at ¶ 8 (statements indicating he knows Mr. Brewer lives on the waterway).

As a result of Mr. Wilhelm's malicious conduct and concerns that Mr. Wilhelm will come to his home and office, Mr. Brewer is experiencing emotional distress. He has upgraded his home security and monitors his cameras regularly to protect himself against Mr. Wilhelm. *Id.* at ¶ 21.

Additional facts as found are stated during discussion of particular aspects of the motion.

## III. Notice

A preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Mr. Brewer has now proved that he served his first motion for preliminary injunction on Mr. Wilhelm, and he has served the present motion on Mr. Wilhelm. Docs. 34-3, 34-4. The notice required for entry of a preliminary injunction "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 432 n.7 (1974); *accord Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000).

In accordance with this notice requirement, the Court held an expedited hearing on the present motion. Before that hearing, the Clerk mailed a copy of the Court's hearing order to Mr. Wilhelm at the address where he received personal service of the complaint. Mr. Wilhelm has received the notice required by Rule 65.

## IV. Discussion

A preliminary injunction may issue only if the moving party shows 1) "he is likely to succeed on the merits"; 2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; 3) "the balance of equities tips in his favor"; and 4) "an injunction is in the public interest." Fed. R. Civ. P. 65(a)(1); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Mr. Brewer seeks an order directing that Mr. Wilhelm, and those acting in concert with him who receive actual notice of the order, shall not:

(a) contact or communicate, directly or through any third person, with Plaintiff, Jessica Brewer, or any member of Plaintiff's household, or with any employee of Brewer Law Firm, LLC, except through filings in this action;

(b) deliver, or cause to be delivered, any document, recording, storage device, or other material to Jessica Brewer or any member of Plaintiff's household, except as otherwise allowable as a party litigant in this matter, where the Court has required, and/or allowed the same;

(c) knowingly come within 500 feet of Plaintiff, Jessica Brewer, Plaintiff's residence, or the offices of Brewer Law Firm, LLC; and

(d) publish to any person, other than a law enforcement agency, Defendant's counsel, or this Court, the specific statements alleged in the Verified Complaint.

Doc. 34 at 12.

For reasons that follow, the request for an injunction prohibiting Mr. Wilhelm from continuing to make false and slanderous accusations, all likely to cause continuing emotional distress to Mr. Brewer, is appropriate. But there is an inadequate showing of irreparable harm to grant the relief sought in section (c). And the relief sought in sections (a) and (b) is overbroad.

Mr. Brewer has shown a likelihood of success on the merits as to both his claims. His complaint is verified, detailed, specific, and supported by documentary evidence. Mr. Wilhelm has not answered the complaint or otherwise filed any pleading disputing the allegations in the complaint. The factual allegations in the complaint are thus deemed admitted. *Mey v. Phillips*, 71 F.4th 203, 223 (4th Cir. 2023). The motion likewise is supported by documentary evidence that Mr. Wilhelm is continuing his slanderous and malicious campaign despite the filing of this lawsuit.

Taken together, the admissions and the evidence in the record show that Mr. Wilhelm has made and continues to make false statements accusing Mr. Brewer of immoral and criminal acts, with the volume and nature of the statements exceeding "all bounds usually tolerated by decent society," sufficient to establish Mr. Brewer's claims of defamation per se and infliction of emotional distress. *See Renwick v. News & Observer Publ'g. Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 409 (1984) (defamation per se); *Stanback v. Stanback*, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979) (infliction of emotional distress).

Mr. Brewer also has shown he is likely to suffer irreparable harm in the absence of preliminary relief enjoining the slanderous and malicious communications. There is an

extended pattern of malicious harassment of Mr. Brewer through threats to deliver slanderous communications to his wife and delivery of false and defamatory statements to Ms. Davis and others. Mr. Wilhelm's communications on October 16, 2026, show that he intends to continue his slanderous and harmful accusations. His false accusations are made in graphic terms and the likelihood that emotional distress will result if Mr. Wilhelm continues to make and threaten to make these false statements is obvious.

The Court concludes there is an immediate, actual, and imminent risk that Mr. Wilhelm intends to and will continue to make these false statements. Such false statements are likely to result in additional severe emotional harm to Mr. Brewer. Mr. Wilhelm's history and the nature of his communications show that there is a real threat of repeated and impending injury to Mr. Brewer and that there is no other mechanism in the law available to protect Mr. Brewer from this irreparable harm.

The balance of equities favors Mr. Brewer because Mr. Wilhelm has no legitimate interest in continuing communications of this nature. The public interest favors providing victims of false smear campaigns with meaningful relief from harassing and defamatory communications and publications, especially when those actions intentionally cause emotional distress.

To the extent Mr. Brewer seeks to enjoin Mr. Wilhelm from communicating about anything with Mr. Brewer, his wife, members of his household, and his employees, Doc. 34 at 12, the motion is denied. He seeks to preclude all communications with third parties not before the Court, even communications not tied to the allegations in the complaint and the harm alleged. This request is not tied to Mr. Brewer's causes of action,

would affect persons who are not parties to this litigation, and is overbroad. Similarly overbroad is Mr. Brewer's request to enjoin Mr. Wilhelm from delivering any documents and recordings to Mrs. Brewer or members of their household. *Id*. This aspect of the motion is also denied.

Finally, the Court will deny the request for an injunction prohibiting Mr. Wilhelm from entering the premises of Mr. Brewer's home or office. Mr. Brewer has not shown that he or his family have been threatened with physical harm. Mr. Brewer has offered circumstantial evidence he believes shows that Mr. Wilhelm came to his home in the middle of the night in May 2025, *see* Doc. 42 at ¶¶ 12–15, but the inferences are thin; in any event, there is nothing to indicate Mr. Wilhelm has been to the home in the last 18 months. Nor has Mr. Wilhelm been to Mr. Brewer's office for over two years. Mr. Wilhelm has repeatedly stated his intent to deliver videos and a folder, *see* Doc. 34-1 at 2, but he has not followed through on those intentions. This evidence is too nebulous to establish a likelihood of his imminent presence at Mr. Brewer's home or office. Because there is no showing that Mr. Wilhelm is likely in the near future to go to Mr. Brewer's home or office, there is no showing of irreparable harm.

Any injunction must be specific and include the prohibited acts in reasonable detail and not by reference to the complaint. Fed. R. Civ. P. 65(d)(1)(C). To that end, the Court will enter an injunction that prohibits Mr. Wilhelm from making the specific false statements as alleged in the complaint and in the evidence of record, as follows:

> Pending further order of the Court, Adam J. Wilhelm, and those acting in concert with him who receive actual notice of the order, **SHALL NOT** publish,

orally, in writing, in person, electronically, digitally, telephonically, or otherwise, to any person, other than a law enforcement agency, the defendants' counsel, or this Court, statements, allegations, or accusations, that Barrett Brewer:

i. engaged in, conspired in, or aided in, crimes of moral turpitude, including prostitution and sexual crimes,

ii. engaged in, conspired in, or aided in, crimes of trespassing, breaking and entering, or similar crimes, at the property of Mr. Wilhelm, at 12700 Barnes Bridge Road, Laurinburg, North Carolina, or

iii. engaged in, conspired in, or aided in, infidelity or adultery with Amanda Davis or her children.

The injunction is narrowly tailored and preserves Mr. Wilhelm's ability to communicate with law enforcement, counsel, and the Court.

The Court finds that a bond is not necessary. The injunction is narrowly tailored and there is no evidence that Mr. Wilhelm will be harmed by complying with the injunction.

## V. Conclusion

Mr. Brewer has demonstrated a likelihood of success on the merits and a likelihood of irreparable harm in the absence of preliminary relief prohibiting Mr. Wilhelm from continuing his slanderous and malicious campaign against Mr. Brewer. The balance of the equities and the public interest favor injunctive relief ending Mr. Wilhelm's ongoing false and defamatory statements made in a way likely to cause

emotional distress. The motion for preliminary injunction will be granted to this extent and otherwise will be denied.

It is **ORDERED** that:

1. Mr. Brewer's renewed motion for preliminary injunction, Doc. 33, is **GRANTED** in part.
2. The Court will contemporaneously enter a separate Preliminary Injunction in the form stated in this Order.
3. The Clerk **SHALL** mail a copy of this Order and the Preliminary Injunction Order to the defendant, Adam Wilhelm, at 12700 Barnes Bridge Road, Laurinburg, North Carolina, 28352.

This the 16th day of November, 2026.

SENIOR UNITED STATES DISTRICT JUDGE